UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTTS VALLEY BAND OF POMO INDIANS,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al*.,<br><br>  Defendants. | Case No. 1:19-cv-1544-ABJ |

**MOTION OF THE YOCHA DEHE WINTUN NATION TO STAY PROCEEDINGS PENDING APPEAL AND MEMORANDUM IN SUPPORT**

The Yocha Dehe Wintun Nation ("Yocha Dehe" or "Tribe") respectfully moves to stay proceedings in this Court until an appeal of the Court's decision to deny the Tribe's intervention is resolved. Yocha Dehe understands and respects this Court's authority to control its own docket. But a would-be intervenor must remain diligent. To prevent briefing and resolution of the merits in its absence, Yocha Dehe intends to file a Notice of Appeal on the earlier of (1) denial of this Motion; or (2) January 12, 2021.

Plaintiff advises that it opposes this Motion and plans to file an opposition brief within the time specified by the Local Rules. The Federal Defendants advise that they oppose this Motion but do not plan to file any brief. Yocha Dehe will reply to any opposition brief within three business days.

1

## ARGUMENT

Yocha Dehe requests a stay that would allow it to participate fully in the merits phase of this litigation if the Court of Appeals finds intervention should have been granted. The request is governed by a four-factor balancing test: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Citizens for Responsibility & Ethics in Wash. v. Office of Admin.*, 593 F. Supp. 2d 156, 159 (D.D.C. 2009). Here, all four factors favor a stay.

### A. First Factor: Yocha Dehe is Likely to Prevail on Appeal.

This Court need not reconsider its denial of intervention in order to stay the case. On the contrary, a stay is appropriate if Yocha Dehe has a "substantial case on the merits" and other factors favor relief. *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) (stay pending appeal requires only "questions going to the merits" that are serious enough to make "a fair ground for litigation and thus for more deliberative investigation" (citation omitted)). Yocha Dehe easily meets that standard here.

The Department of the Interior ("DOI") Indian Lands Opinion ("ILO") at issue in this case prevents Plaintiff from undertaking a project that would indisputably harm the Tribe's economic, cultural, and governmental interests. Thus, the ILO – an agency action – provides a concrete and significant benefit to the Tribe. Controlling circuit law finds injury sufficient to support intervention if "a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit." *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 317 (D.C. Cir. 2015) ("*Crossroads*").

This clear, settled case law[1] is more than enough to constitute a "fair ground for litigation" and "more deliberative investigation."  *See Wash. Metro. Area Transit Comm'n*, 559 F.2d at 844.  Indeed, the Court of Appeals has reversed district court denials of intervention in situations very similar to the one presented here.  *See Crossroads*, 788 F.3d at 316, 318 (reversing district court finding that injury from reversal of agency action would be "too speculative" to support intervention).

### B.  Second Factor:  Yocha Dehe Will Be Irreparably Harmed Absent a Stay.

Denial of intervention is immediately appealable because it conclusively extinguishes "the distinct interest asserted by the movant."  *Alt. Rsch. & Dev. Found. v. Veneman*, 262 F.3d 406, 409-10 (D.C. Cir. 2001).  Inherent in this rule is a recognition that the intervenor's interests will be harmed if the merits of the case are resolved before appellate relief can be secured.  That harm cannot be fully repaired by granting intervention after merits briefing is substantially complete – after all, Rule 24 grants an intervenor the right to participate "on equal footing with the original parties to a suit."  *United States v. Phillip Morris USA, Inc.*, 566 F.3d 1095, 1146 (D.C. Cir. 2009) (per curiam) (quoting *Bldg. & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994)).

Moreover, an adverse judgment from this Court would reopen administrative proceedings that severely – and undisputedly – threaten Yocha Dehe's economic, cultural, and governmental interests.  As this Court has recognized, Yocha Dehe participated extensively in the prior DOI proceedings, and the ILO resulting from those proceedings protects Yocha Dehe's interests.  *See*

---

[1] In addition to *Crossroads*, see *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 733 (D.C. Cir. 2003), and *Mil. Toxics Project v. Env't Prot. Agency*, 146 F.3d 948, 954 (D.C. Cir. 1998).

Memorandum Opinion (Dkt. 33) at 14.  Overturning the ILO before Yocha Dehe's party status can be settled by the Court of Appeals would result in irreparable harm to the Tribe.

### C. Third Factor: The Balance of Hardships Favors a Stay.

The balance of hardships likewise favors a stay.  As demonstrated above, Yocha Dehe will be irreparably harmed absent a stay.  *See supra* pp. 3-4.  By contrast, delaying the briefing for a few months would not cause the Federal Defendants or Plaintiff any prejudice or material harm.  The case has been pending for more than a year and a half, during which time neither side has attempted to accelerate its resolution.  Indeed, the parties recently agreed to an extension of the merits briefing schedule.  *See* Jt. Mot. for Extension of Time (Dkt. 41).

### D. Fourth Factor: The Public Interest Favors a Stay.

The public interest favors settling Yocha Dehe's party status before the merits of the case are briefed and decided.  The intent of Rule 24 is to "involve[e] as many apparently concerned persons as is compatible with efficiency and due process."  *See Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981) (citation omitted).  Allowing merits briefing to proceed during Yocha Dehe's forthcoming appeal would turn that principle upside down.  If the Court of Appeals confirms the Tribe's right to intervene while the Federal Defendants and Plaintiff are still in the process of briefing the merits of the case, supplemental (and duplicative) briefing would be needed.  And if merits briefing is completed before the Court of Appeals can rule, the Tribe may be left to salvage its interests through a Rule 60 motion or a second appellate proceeding.  None of these outcomes is consistent with the principles of inclusiveness and efficiency underlying Rule 24.

To further the intent of Rule 24 – and to avoid the potential for duplicative proceedings and minimize impacts on party and judicial resources – merits briefing before this Court should

be stayed until Yocha Dehe's intervention can be settled by the Court of Appeals. If Yocha Dehe is granted intervention, the parties would present their merits arguments to this Court on an equal footing and pursuant to a unified schedule. Such an approach would best protect all parties' rights and position this Court to make a considered decision on the merits.

## CONCLUSION

Yocha Dehe respectfully requests that this Court stay all proceedings pending resolution of its forthcoming appeal.

Respectfully submitted,

Dated:  December 21, 2020

/s/  Samantha R. Caravello
Matthew G. Adams, *pro hac vice*
Samantha R. Caravello (D.D.C. Bar No. CO0080)
KAPLAN KIRSCH & ROCKWELL LLP
595 Pacific, 4th Floor
San Francisco, CA 94133
(628) 209-4151
madams@kaplankirsch.com
scaravello@kaplankirsch.com

Paula M. Yost, *pro hac vice*
Attorney General
Yocha Dehe Wintun Nation
P.O. Box 18
Brooks, CA 95606
pyost@yochadehe-nsn.gov

*Counsel for Proposed Intervenor-Defendant*
*Yocha Dehe Wintun Nation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December, 2020, I caused service of the attached Motion to Stay Proceedings Pending Appeal to be made by filing it with the Clerk of the Court via the CM/ECF System, which sends a Notice of Electronic Filing to all parties with an e-mail address of record who have appeared and consented to electronic service. To the best of my knowledge, all parties to this action receive such notices.

    /s/  Samantha R. Caravello
Samantha R. Caravello (D.D.C. Bar No. CO0080)
KAPLAN KIRSCH & ROCKWELL LLP
1675 Broadway, Suite 2300
Denver, CO 80202
(303) 825-7000
scaravello@kaplankirsch.com