# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTTS VALLEY BAND OF POMO INDIANS, | CASE NO. 1:19-cv-1544 ABJ |
| Plaintiff, | Judge Amy Berman Jackson |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.,* | |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO YOCHA DEHE'S MOTION TO STAY PROCEEDINGS PENDING APPEAL

The case arises from plaintiff Scotts Valley Band of Pomo Indians' efforts to establish a tribal homeland in Vallejo, California, and the defendants Department of the Interior and officials' response to Scotts Valley's discrete request for an Indian Lands Opinion ("ILO") confirming the eligibility of the land for tribal gaming under the Indian Gaming Regulatory Act of 1988, 27 U.S.C. 2701, *et seq.* Yocha Dehe Wintun Nation is not a party in this case. The Court denied both the Yocha Dehe motion to intervene and its motion to reconsider the order of denying intervention. Dkt. #s 33 & 40, respectively. Nonetheless, the Court invited Yocha Dehe to participate in the merits of the case as *amicus curiae.*

As instructed by the Court, the parties have proposed, and the Court has ordered a briefing schedule for dispositive motions for summary judgment. Under the current order, Scotts Valley's opening motion is due January 29, 2021, with final briefing on that and any cross-motion by the federal defendants to be completed by April 22, 2021. Minute Order dated Dec.

10, 2020.  In addition, the Court ordered that any *amicus curiae* brief submitted by Yocha Dehe

is also due April 22, 2021.  Minute Order dated Dec. 10, 2020.  Despite the Court's invitation to

participate in this case as *amicus curiae*, Yocha Dehe now asks the Court to stay all proceedings

for however long it takes the Court of Appeals for the District of Columbia Circuit to resolve an

appeal of the order denying Yocha Dehe's Motion to Intervene.   For the reasons stated below,

the Court should deny the request for a stay pending appeal.

## LEGAL STANDARD

"A stay pending appeal is always an extraordinary remedy[.]" *Brotherhood of Ry. & S.S.*

*Clerks, Freight Handlers, Express & Station Emps. v. National Mediation Bd.*, 374 F.2d 269,

275 (D.C. Cir. 1966) (*per curiam*).  "A stay is not a matter of right, even if irreparable injury

might otherwise result."  *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotation marks omitted).

In seeking a stay, Yocha Dehe must establish that it "will be irreparably injured absent a stay"

and make "a strong showing that [it] is likely to succeed on the merits."  *Id.* at 434 (quotation

marks omitted).  Irreparable injury and likelihood of success "are the most critical" factors, *id.*,

and Yocha Dehe cannot satisfy either of them. In addition, the Court must consider "whether

issuance of the stay will substantially injure the other parties interested in the proceeding" and

"where the public interest lies" *Id.* (quotation omitted).  A showing of these "stringent

requirements" is necessary before a stay pending appeal will be issued.  *Citizens for*

*Responsibility & Ethics in Wash. v. FEC*, 904 F.3d 1014, 1016 (D.C. Cir. 2018) (*per curiam*).

## ARGUMENT

### I.     Yocha Dehe Will Not Be Irreparably Injured Absent A Stay.

First, Yocha Dehe claims that it should be able to participate in this case "on equal

footing" with the original parties to the suit.  Dkt. # 42 at 3.  But here, the Court, in its discretion,

has invited Yocha Dehe to submit a brief as *amicus curiae* in support of the federal defendants'
dispositive motion by April 22, 2021. Order Granting Dkt. # 41.  District Courts have "broad
discretion in determining whether to permit a party to participate in a lawsuit as amicus curiae."
*Nat'l Ass'n of Home Builders v. United States Army Corps of Engineers,* 519 F.Supp.2d 89, 93
(D.D.C.2007).

   The opportunity to file an *amicus* brief is a generous remedy for those who cannot make a
showing for intervention, which Yoche Dehe cannot.[1]  As *amicus curiae*, Yocha Dehe will have
great flexibility in the arguments and factual material it presents to the Court in support of the
federal defendants' brief.[2]  Presumably, the Court invited Yocha Dehe to participate and intends
to "seriously" consider Yocha Dehe's submission (Dkt. # 40 at 9) because its perspective on the
issues may be useful to the Court.  Moreover, Yocha Dehe will not be harmed if briefing
commences without it being an intervenor-defendant in this case because it can readily advocate
for its own private interest while supporting the government's position.  In short, its brief will
have the potential to exert influence on a dispositive decision; thus, providing Yocha Dehe with a
fair ability to participate in this case.  Yocha Dehe makes no effort to establish that participation
as *amicus curiae* is inadequate to protect its speculative, alleged interests.

   Second, Yocha Dehe claims that it will be injured by an adverse judgment in this case
because it would reopen the administrative proceedings on Scotts Valley's request for an ILO.
Dkt.  42 at 3.  As Scotts Valley has explained and the Court has accepted, the administrative

---

[1] This is not uncommon: *See, e.g., NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.
Supp. 2d 1061, 1063 (N.D. Cal. 2005) (Indian tribe was denied permission to intervene in a
dispute between casino developers but was permitted to file an amicus brief because of its
involvement in the events leading up to the litigation.)
[2] In this vein, Scotts Valley hopes that the Court will direct Yocha Dehe not to introduce extra-
record materials in its brief.  *See* Dkt. # 34 at 4.

proceedings to determine a restored lands connection to the subject land is only one step in a multi-step administrative process. Dkt. # 18 at 7; Dkt. # 38 at 5; and Dkt. # 33 at 9.  If Scotts Valley succeeds in obtaining a favorable ILO, it must also succeed in an application to acquire the land in trust status, complete a detailed Environmental Impact Statement that establishes required mitigation for the proposed project, obtain federal approval of a gaming compact with the State of California, obtain federal approval of a tribal gaming ordinance, and obtain federal approval of a management contract if the facility is not managed by the Tribe itself. Dkt. #18 at 7.  These approvals provide opportunities for an interested party to participate, comment, object and even challenge in the courts.  Scotts Valley has not completed any of these other necessary steps and Yocha Dehe will have several opportunities to advocate for its own private interest.

## II.     Yocha Dehe Is Not Likely to Succeed on The Merits.

Yocha Dehe cannot demonstrate that it is likely to succeed on the merits of its claim because Yocha Dehe simply lacks standing. The standing inquiry is typically directed at plaintiffs, not defendants. *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003) (citation omitted). The D.C. Circuit nevertheless has held that "[t]he standing inquiry for an intervening-defendant is the same as for plaintiff: the intervenor must show injury in fact, causation, and redressability." *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 316 (D.C. Cir. 2015).  Indeed, as this Court explained in its Order denying Yocha Dehe's intervention motion: "[s]tanding is a necessary predicate to any exercise of federal jurisdiction; if it is lacking, then the dispute is not a proper case or controversy under Article III, and federal courts have no subject matter jurisdiction to decide the case." Dkt. # 33 at 7 (citing *Dominguez v. UAL Corp*., 666 F.3d 1359, 1361 (D.C. Cir. 2012)).  Further, as the Court explained in its Order denying Yocha Dehe's Motion for Reconsideration, "standing is conferred when the favorable agency action under review

4

is itself the source of a significant benefit…" but "where a 'threshold legal interpretation must come out a specific way before a party's interests are even at risk, it seems unlikely that the prospect of harm is imminent.'" Dkt. # 40 at 7 (citing *Crossroads Grassroots*, 788 F.3d at 317, 18).

Yocha Dehe claims injury from a possible adverse judgment on two bases:  first, the Yocha Dehe sacred sites and cultural resources in the vicinity of the Vallejo site; and second, alleged competition for its Cache Creek Casino from the Scotts Valley proposed gaming facility at the Vallejo site.  Dkt. #17-2, ¶2; Dkt. # 42, at 3.  Neither claimed interest faces clear or immediate injury from the reversal of the Department's decision on the ILO being sought by Scotts Valley.  The decision made no determination regarding and had no impact on any interest of Yocha Dehe relating to the vicinity of the Vallejo parcel – economic, cultural, governmental, or otherwise.

Moreover, this Court explained that while Yocha Dehe's "allegations may satisfy the 'concrete and particularized' prong of the injury-in-fact element… Yocha Dehe has failed to show that these potential future harms, which are not yet 'actual,' can be characterized as 'imminent,' or 'certainly impending,' in accordance with Supreme Court precedent." Dkt. # 33, at 9.  The Court further explained that "a review of the statutory regime reveals that the decision at issue is not the sole or final hurdle Scotts Valley must overcome to build its casino, and its reversal would not necessarily bring about the threat to Yocha Dehe's economic interests." *Id.* at 10.

Regarding Yocha Dehe's economic injury argument, it is entirely conjectural that a casino operated in Vallejo at some distant date in the future would even be competitive let alone harmful to Yocha Dehe's powerhouse Cache Creek Casino Resort located an hour away.

5

Accordingly, Yocha Dehe has not suffered an injury-in-fact, as any claimed injury is entirely speculative and conjectural, and the Court of Appeals will be unable to grant Yocha Dehe the relief it seeks.

### III.   Yocha Dehe Cannot Meet the Remaining Requirements for a Stay

### A.   The Balance of Hardships Favors Denying the Stay.

As noted above, Yocha Dehe will be permitted to participate in a meaningful manner as *amicus curiae* in the absence of a stay.  The economic and cultural harm it claims, as addressed in the discussion on standing is entirely speculative and conjectural.  Thus, there is little if any hardship for Yocha Dehe if the stay is denied.

On the other hand, a stay would injure Scotts Valley. The heart of this litigation is about Scotts Valley's ability to establish a homeland for its people.  Indeed, the ultimate outcome of this litigation could significantly affect the lives and livelihoods of an entire Indian tribe, if all other necessary federal approvals are obtained; as there is no question that the Tribe is an impoverished group of Native Americans trapped by staggering rates of unemployment and homelessness.  AR 6700-01.  Federal funding has been woefully insufficient to meet the needs of Scotts Valley's tribal members and future funding of Indian programs is regularly endangered by budgetary considerations and constraints. *Id.*  The discrete subject matter of this litigation is a critical step toward "economic development, self-sufficiency and self-governance" and will provide Scotts Valley's "membership with employment and educational opportunities and needed social and governmental services." *Id.*  These potential benefits should not be further delayed.

Yocha Dehe also claims that neither Scotts Valley nor the defendants have attempted to "accelerate" the resolution of this case. Dkt. # 42 at 4.  Short of dismissing the complaint or

6

settling the matter, there has not been an opportunity for Scotts Valley or the defendants to "accelerate" the resolution of this case while Scotts Valley's Motion to Complete the Administrative Record was pending.  Dkt. 28. That motion was only recently decided by the Court on October 15, 2020. Dkt. 34.   The parties swiftly submitted a joint briefing schedule on October 21, 2020. Dkt. 35.  A short extension to the briefing schedule was made on December 10, 2020 to accommodate unrelated deadlines confronting the defendants. Dkt. 41 at 2. ("[c]ounsel for the Federal Defendants has had a multiple deadline shift in other cases, in part due to COVID-19 related delays).

### B.  The Public Interest Also Favors Denying the Stay.

Yocha Dehe asserts that a stay pending appeal would serve the public interest in judicial efficiency underlying Rule 24 by ensuring Yocha Dehe will not be excluded improperly from the proceedings.  Dkt. # 42 at 4.  Its argument assumes the Circuit Court will reverse the decision denying intervention.  *Id.*  The argument also ignores the Court's invitation to participate as an *amicus curiae*.  This is insufficient to outweigh the countervailing public interest in the prompt resolution of this matter and the avoidance of an extended period of uncertainty in the government's administration of the Indian Gaming Regulatory Act and agency regulations that implicate the federal relationship with Indian tribes.  *See Athenex Inc. v. Azar*, No. 19-cv-00603 (APM) 2019 WL 4316139, *2 (D.D.C. Sept. 6, 2019); *Yankton Sioux Tribe v. Bernhardt*, Civ. No. 03-01603 (TFH), 2019 WL 3753616, *6 (D.D.C. Aug. 8, 2019); *Educational Assistance Foundation v. United States*, 111 F.Supp.3d 34, 46 (D.D.C. 2015).

### CONCLUSION

For all the foregoing reasons, Scotts Valley requests that this Court deny Yocha Dehe a stay pending appeal.

Dated: December 29, 2020                 Respectfully submitted,


                                         By:      /s/ Patrick R. Bergin
                                         Patrick R. Bergin (D.C. Bar No. 493585)
                                         Tim Hennessy (D.C. Bar No CA00040)
                                         PEEBLES KIDDER BERGIN & ROBINSON LLP
                                         2020 L Street, Suite 250
                                         Sacramento, California 95811
                                         (916) 441-2700
                                         pbergin@ndnlaw.com
                                         thennessy@ndnlaw.com

                                         Arlinda F. Locklear (D.C. Bar No. 962845)
                                         4113 Jenifer Street, NW
                                         Washington, DC 20015
                                         (202) 237-0933
                                         alocklearesq@verizon.net

                                         Attorneys for Plaintiff
                                         SCOTTS VALLEY BAND OF POMO INDIANS

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December 2020, I caused the service of the

attached Memorandum of Points and Authorities in Opposition to Yocha Dehe's Motion for Stay

Pending Appeal and [Proposed] Order by filing it with the Clerk of the Court via the CM/ECF

System, which sends a Notice of Electronic Filing to all parties with an e-mail address of record

who have appeared and consented to electronic service. To the best of my knowledge, all parties

to this action receive such notices.

By:      /s/ Patrick R. Bergin
Patrick R. Bergin (D.C. Bar No. 493585)
Tim Hennessy (D.C. Bar No CA00040)
PEEBLES KIDDER BERGIN & ROBINSON LLP
2020 L Street, Suite 250
Sacramento, California 95811
(916) 441-2700
pbergin@ndnlaw.com
thennessy@ndnlaw.com

Arlinda F. Locklear (D.C. Bar No. 962845)
4113 Jenifer Street, NW
Washington, DC 20015
(202) 237-0933
alocklearesq@verizon.net

Attorneys for Plaintiff
SCOTTS VALLEY BAND OF POMO INDIANS