UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SCOTTS VALLEY BAND OF POMO INDIANS, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-1544 (ABJ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

The Scotts Valley Band of Pomo Indians ("Scotts Valley") brought this case against the United States Department of the Interior ("DOI") and its officials after the agency denied its request for an Indian Land Opinion ("ILO") announcing that a parcel of land in California would qualify as a location for the conduct of gaming under the "restored lands" exception to section 2719(a) of the Indian Gaming Regulatory Act. Complaint [Dkt. # 1] at 1. The Yocha Dehe Wintun Nation ("Yocha Dehe"), which operates a casino nearby, moved to intervene as a defendant in the case, and its motion was denied. *See* Memorandum Opinion & Order [Dkt. # 33] ("Sept. 28, 2020 Mem. Op.") (denying intervention); Memorandum Opinion & Order [Dkt. # 40] ("Dec. 4, 2020 Mem. Op.") (denying reconsideration).[1] In its order, though, the Court in its discretion authorized the movant to file an amicus brief in support of defendants' dispositive motion. Sept. 28, 2020 Mem. Op. at 15.

---

1   The factual background of the litigation is laid out the Court's prior opinions. *See, e.g.*, Sept. 28, 2020 Mem. Op. at 3–6.

Now Yocha Dehe has moved to stay the case pending its appeal of the Court's decision precluding its participation as a party.  *See* Yocha Dehe's Motion to Stay Proceedings Pending Appeal and Memorandum in Support [Dkt. # 42] ("Mot.").  It expresses its desire "[t]o prevent briefing and resolution of the merits in its absence." Mot. at 1.  The parties are both opposed to Yocha Dehe's motion, *see* Mot. at 1 (stating the defendant's position) and Scotts Valley's Memorandum in Opposition, [Dkt. # 43] ("Pl.'s Opp."), and the matter is fully briefed. *See* Yocha Dehe's Reply in Support of Mot. [Dkt. # 44] ("Reply").

Neither the movant nor the parties has specifically addressed the question of whether a non-party may file a motion under Federal Rule of Appellate Procedure 8(a)(1)(A), which states, "[a] *party* must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal . . . ." (emphasis added).  The question is particularly thorny here since the denial of the motion to intervene was based, in part, on a lack of Article III standing.  Sept. 28, 2020 Mem. Op. at 11.  But there were other grounds for the denial as well.  Therefore, assuming that a disappointed would-be intervenor may properly ask the court to stay proceedings while it exercises its right to appeal, *see Chalian v. CVS Pharm., Inc.*, No. CV 16-08979 AB, 2020 WL 6821316, at *2 (C.D. Cal. Nov. 10, 2020) (finding that because the movants could appeal an order denying intervention, they had standing to move for a stay), the Court has considered the motion on the merits, and it will be denied.  *See id*. (denying the stay because the movants could not show a likelihood of success on appeal or irreparable injury).

Yocha Dehe has not met its burden to show that it will be irreparably harmed in the absence of a stay, nor has it made the necessary strong showing of likelihood of success on the merits.  The movant may seek expedition from the Court of Appeals, and its timely submission of an amicus brief will ensure that the matter is not resolved "in its absence." Mot. at 1.

## LEGAL STANDARD

A stay or injunction pending appeal is an "extraordinary remedy." *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985). It is "an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks and citation omitted). Instead, a stay is an exercise of judicial discretion, to be based upon the specific circumstances of the case. *Id*. at 433. The moving party bears the burden of justifying why the court should grant this remedy, based upon a consideration of the following four factors:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Id*. at 434 (internal quotation marks and citation omitted). The most important factors are whether the applicant has made a strong case that it will succeed on the merits and whether it will face irreparable injury if a stay is not granted by the Court. *See id*. ("The first two factors of the traditional standard are the most critical."). Here there is no basis for a conclusion that Yocha Dehe will suffer any harm, much less, irreparable harm, if the case proceeds, even if it were to be resolved in plaintiff's favor.

## ANALYSIS

### I.   Yocha Dehe's Likelihood of Success on the Merits.

The Court denied the movant's request to intervene on two grounds: that Yocha Dehe lacked standing to participate in the pending case, and that it had not made the showing required to intervene under Federal Rule of Civil Procedure 24(a) that disposing of the action "may as a practical matter impair or impede [its] ability to protect its interest." Sept. 28, 2020 Mem. Op. at 2. The Court reached the same conclusion after considering the movant's submissions on reconsideration. Dec. 4, 2020 Mem. Op. at 1–2. In its request for a stay, Yocha Dehe advances its arguments one more time, but persistence alone is not enough to satisfy the need for a "strong showing" that the appeal is likely to succeed.

First, Yocha Dehe has not pointed to grounds to expect success on the standing issue. "The standing inquiry for an intervening-defendant is the same as for a plaintiff: the intervenor must show injury in fact, causation, and redressability." *Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 316 (D.C. Cir. 2015), citing *Deutsche Bank Nat. Tr. Co. v. FDIC*, 717 F.3d 189, 193 (D.C. Cir. 2013). For the reasons set forth in its two previous rulings, the Court determined that Yocha Dehe did not point to facts that would satisfy the element of an "injury in fact" because it failed to demonstrate that it would suffer "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In particular, the Court held that Yocha Dehe lacks standing because it has not alleged that it would suffer an "actual" or "imminent" injury if it is not allowed to intervene in the pending case and then Scotts Valley prevails. *See* Sept. 28, 2020 Mem. Op. at 7–11; Dec. 4, 2020 Mem. Op. at 9.

Yocha Dehe disagrees, but it simply repeats the points it made before, *see, e.g.*, Reply at 2 ("Yocha Dehe has shown that [the prior] ILO provides a clear, concrete benefit to the Tribe that would be immediately and certainly removed if Scotts Valley prevails on the merits of its case"), and it posits that this "showing, in turn, establishes a likelihood that Yocha Dehe will prevail on appeal." *Id*. Yocha Dehe directs the Court to the statement by the Court of Appeals in *Crossroads* that "[o]ur cases have generally found a sufficient injury in fact where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit." 788 F.3d at 317. And it is true that in *Crossroads*, the Circuit court observed that "even where the possibility of prevailing on the merits after remand is speculative, a party seeking to uphold a favorable ruling can still suffer a concrete injury in fact." *Id.* at 318. But this Court did not base its ruling on the lack of a "concrete" interest; it held that the feared invasion of that interest was not "'imminent' or 'certainly impending[]'" in accordance with recent Supreme Court precedent. Sept. 28, 2020 Mem. Op. at 9 (citations omitted). Moreover, the court in *Crossroads* emphasized that "the agency action at issue involved potential direct regulation" of the would-be intervenor, and that the movant had "a significant and direct interest in the favorable action shielding it from further litigation and liability." 788 F.3d at 318. Those circumstances are not present here. Thus, movant has not identified obvious flaws in the decision to be appealed or shown that the Court's ruling is contrary to binding precedent; even the district court cases the movant would have this Court follow are distinguishable.[2]

---

2    Yocha Dehe asserts that all it needs to do is "demonstrate a likelihood of prevailing on appeal by identifying 'a fair ground for litigation and thus for more deliberative investigation.'" Reply at 2 n.1, quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). The movant's selective excision of the original sentence understates the strength of the showing that needs to be made; even in *Holiday Tours,* the court stated that a stay pending appeal might be warranted if there are "serious, substantial, [and] difficult" questions going to the merits, *which make them* "fair ground for litigation and thus for

5

Second, even if Yocha Dehe has correctly predicted that another court will disagree with the Court's standing analysis, it has not made a strong showing that it will succeed in overturning the other basis for the denial of the motion: the Court's ruling under Federal Rule of Civil Procedure 24(a) that there had been no showing that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Sept. 28, 2020 Mem. Op. at 13. If in the case pending before it, the Court upholds the decision of the agency that Scotts Valley failed to demonstrate the requisite historical connection to the land upon which it hopes to apply for permission to erect a casino, the status quo will not change, and movant's concerns about the approval of a casino that would compete with its own will never materialize. And if Scotts Valley prevails in the instant case, the matter will be remanded to the agency for reconsideration of its ruling, and Yocha Dehe will have the opportunity to participate fully as it did before.

---

more deliberative investigation." *Id.* Also, the court's focus in the *Holiday Tours* opinion was to clarify the requirement previously established in *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958) that a party seeking a stay must make a substantial showing that success on appeal was "likely" or "probable." *Holiday Tours*, 559 F.2d at 844. The Court concluded that a showing of mathematical probability, such as a more than 50% likelihood, was not required in the face of a particularly strong showing on the other three factors; a lesser likelihood of success on the merits might suffice if each of the other three factors clearly favored granting the injunction. *Id.* at 843–44. It is an open question in this circuit whether this analysis, which the Court of Appeals has called a "sliding scale" approach, *see Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1291 (D.C. Cir. 2009), has continuing vitality in the wake of the Supreme Court's decision in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). *See Davis*, 571 F.3d at 1295–96 (Kavanaugh, J., concurring); *see also see Nken v. Holder,* 556 U.S. at 438 (Kennedy, J., concurring) ("When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other."); *but see Sherley v. Sebelius*, 644 F. 3d 388, 398 (D.C. Cir. 2011) (applying the sliding scale approach rather than the stricter *Winter* reading "to determine whether the other three factors so much favor the plaintiffs that they need only have raised a 'serious legal question' on the merits"). But the Court does not need to resolve this question before the Circuit issues clear guidance because, as discussed below, Yocha Dehe has not made the showing of irreparable harm that *Holiday Tours* contemplated could serve as a counter-balance to a less robust showing on the merits, and which is always essential to the grant of a stay pending appeal in any event.

## II.     Threat of Irreparable Injury to Yocha Dehe Absent a Stay.

Closely tied to the analysis of the immediacy of any injury to Yocha Dehe for standing purposes is whether it will suffer "irreparable injury" if it is not granted the requested stay. Yocha Dehe asserts that it will be irreparably harmed absent a stay because there is a chance that "the merits of the case are resolved before appellate relief can be secured," and "an adverse judgment from this Court would reopen administrative proceedings that . . . threaten Yocha Dehe's economic, cultural, and governmental interests." Mot. at 3.

This does not describe the sort of irreparable injury that is needed to justify the extraordinary relief of a stay.[3] A decision in Scotts Valley's favor would, in Yocha Dehe's words, only "reopen" an administrative process that is not at all certain to result in an unfavorable outcome. Mot. at 3. Before any competitive injury could be felt, Scotts Valley would have to succeed in obtaining an ILO over Yocha Dehe's objections on remand, and after that, as Scotts Valley has explained, there will be multiple additional hurdles to overcome and opportunities for Yocha Dehe to be heard:

> If Scotts Valley succeeds in obtaining a favorable ILO, it must also succeed in an application to acquire the land in trust status, complete a detailed Environmental Impact Statement that establishes required mitigation for the proposed project, obtain federal approval of a gaming compact with the State of California, obtain federal approval of a tribal gaming ordinance, and obtain federal approval of a management contract if the facility is not managed by the Tribe itself. These approvals provide opportunities for an interested party to participate, comment, object and even challenge in the courts. Scotts Valley has not completed any of these other necessary steps[.]

Pl.'s Opp. at 4 (citation omitted).

---

3     Yocha Dehe acknowledges it may pursue "a Rule 60 motion or a second appellate proceeding" in the event that "merits briefing is completed before the Court of Appeals can rule." Mot. at 4.

Even in *Nken*, when the party seeking the stay was facing much more direct and immediate government action – deportation – the Supreme Court found that the availability of an opportunity to obtain judicial review in the future meant that the likelihood of an unfavorable outcome was not "categorically irreparable." 556 U.S. at 435. Since Yocha Dehe will have future opportunities to challenge Scotts Valley's plans, a ruling in Scotts Valley's favor here will not subject it to irreparable harm.

In the absence of a showing of irreparable harm, the Court is not required to address the third and fourth factors in evaluating a motion to stay, although the Court notes that both the parties and the public have an interest in avoiding further delay in the resolution of the dispute.

## CONCLUSION

Given the absence of evidence of irreparable harm and movant's failure to make a strong showing of a likelihood of success on appeal, Yocha Dehe has failed to justify the "extraordinary remedy" of a stay pending appeal, and the motion is **DENIED**.

AMY BERMAN JACKSON
United States District Judge

DATE: January 11, 2021